IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jose Luis Cruzado Wilson, | ) | C/A No.: 1:10-2206-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Mary M. Mitchell, Lt. Bryant, Bureau of Prisons, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

  Plaintiff filed this action, which is construed as alleging violations of 42 U.S.C. § 1983. Before the court is Defendant's motion to dismiss filed January 4, 2011. [Entry #17]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) (D.S.C.). Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

  As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on January 5, 2011, advising him of the importance of a motion to dismiss and of the need for him to file an adequate response. [Entry #18]. The *Roseboro* order was returned to the Clerk of Court's office via United States Postal Service on February 1, 2011, marked "Return to Sender." [Entry #20]. Plaintiff was previously directed by order of this court to keep the court apprised of any change in address:

  You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 2317, Florence, South Carolina 29503)** if your address changes for any

reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

> Put this Order with your own record of this case so that you will not overlook your duty.

[Entry #7] (emphasis in original). No response has been filed by Plaintiff to Defendant's motion to dismiss, and Plaintiff has not notified the court of a change of address.

A complaint may be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied* 493 U.S. 1084 (1990); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of Plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the Defendant; (3) the history of the Plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response or change of address has been filed. Plaintiff has not responded to Defendant's motion to dismiss. As previously stated, the *Roseboro* order was returned to the Clerk of Court's office via United States Postal Service as undeliverable. [Entry #20]. Plaintiff has

not provided the court with an updated address. The undersigned concludes the Plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

February 11, 2011                                           Shiva V. Hodges
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**