IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jose Luis Cruzado Wilson, ) | C/A No.: 1:10-2206-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Mary M. Mitchell, Prison ) | |
| Warden; Lt. Bryant, Prison ) | |
| Lt.; Bureau of Prisons, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff's Objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[1] In the R & R, the Magistrate Judge recommends that the Court grant the Defendant's Motion to Dismiss [Docket # 17]. The Plaintiff filed timely objections which could be construed as an attempt by the *pro se* litigant to challenge the Magistrate Judge's finding that the Plaintiff did not exhaust his administrative remedies. This matter is ripe for review.

## *PROCEDURAL HISTORY*

The case was initiated on August 25, 2010, when the Plaintiff filed a *pro se* Complaint appearing to allege that the Defendant Bryant and other BOP employees used excessive force against him, resulting in injuries. Complaint, p. 3-4. It appears the Plaintiff brought his Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397

---

[1] In accordance with 28 U.S.C. Section 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

1

(1971), requesting monetary damages and injunctive relief. The Defendants filed a Motion to Dismiss on January 4, 2011, contending that: (1) this Court does not have subject matter jurisdiction over a *Bivens* action against the United States and the individual Defendants in their official capacity; (2) the Complaint fails to state a claim under Rule 12(b)(6) against Defendant Mitchell; (3) Plaintiff has not exhausted his administrative remedies; and (4) Defendants are entitled to qualified immunity. A *Roseboro* Order was mailed to the plaintiff on January 5, 2011, with explanations of Rules 12 and 56 and warning the plaintiff that failure to respond adequately to the defendant's motion could result in dismissal of the case. The Plaintiff filed a response in opposition on March 16, 2011. The Magistrate Judge issued an R & R on April 18, 2011 in which she recommends that the Court grant the Defendant's Motion to Dismiss because the Plaintiff has not shown that he has exhausted his administrative remedies. This recommendation was based on a finding by the Magistrate (based on the Declaration by an in-house attorney) that the plaintiff failed to file a BP-9 form with the Warden. (The other grounds for the Motion to Dismiss are not addressed.) On April 25, 2011, the Plaintiff filed timely objections to the R & R.

## ***STANDARD OF REVIEW***

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71(1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## *DISCUSSION*

In federal prison condition cases, prisoners are required to exhaust "such administrative remedies as are available" before bringing a *Bivens* action. 42 § 1997e(a). Prisoners must exhaust available administrative remedies before bringing such an action, even if the prison's administrative process does not provide for awards of money damages and the prisoner seeks only monetary damages. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). In *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), the United States Supreme Court stated that "[a]dministrative law ... require[s] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly." Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by prisoners under any federal law. *Id.* at 90-91.

The Bureau of Prisons ("BOP") has a three-tiered administrative grievance process. A prisoner must first attempt an informal resolution of his complaint (BP-8) and, if unsuccessful, submit a formal written Request for Administrative Remedy to the Warden within twenty (20) days after the basis for the request occurred. (BP-9) 28 C.F.R. § 542.13. The matter is investigated, and a written response is

provided to the prisoner. If dissatisfied with the response, the prisoner may appeal to the Regional Director. (BP-10) *Id.* § 542.15(a). If dissatisfied with the response from the Regional Director, the prisoner may appeal to the General Counsel, which is the final level of administrative review. (BP-11) *Id.* A claim has not been administratively exhausted until it has been filed with the General Counsel.

The plaintiff alleges in his complaint, regarding exhaustion:

> I had submitted two (2) administrative remedies (BP-8 and BP-9) at the prison level while at F.C.I.-Edgefield, which were never answered by prison warden, Mary Mitchell. I had later sent an administrative remedy (BP-10), file No. 570353, to the Southeast Regional Office, which was rejected because the Regional Office staff claim that the issue was not 'sensitive.' On March 17, 2010, I had sent the final administrative remedy (BP-11) to the Central Office and just recently received the response, which rejected the complaint claiming, 'The issue you raised is not sensitive, however, we retained your request/appeal according to policy.' I had made a copy of the BP-11 complaint prior to sending it to the Central Office, see attached.

(Complaint, Docket Entry # 1, p. 3).

In his Response to the Motion to Dismiss, he alleges that he filed both a BP-8 and BP-9 and a BP-10 marked "sensitive". In his objections, he alleges that "during transfer out of FCI-Edgefield Warden Mitchell staff refuse to log in any of my legal documents". He further alleges that none of his legal documents were sent with him when he was transferred to FCI-Lee.

The defendants attach to their Motion to Dismiss a declaration of Ms. Tami Cassaro, a Supervisory Attorney for the BOP at FCI-Edgefield with responsibility relative to inmate grievances. She states that the plaintiff began the administrative process by completing a BP-8 and that it was sent to the appropriate official for investigation. She further states that no written response was provided to the plaintiff, but that he was verbally informed that his allegations were being investigated. (Plaintiff does not dispute being told this.) Additionally, she states that she reviewed the computer database and found no record of the plaintiff filing or attempting to file a BP-9 form. She states that a BP-9 would

4

have been accepted by the institution because Plaintiff had received no response after the filing of the BP-8. She further states that the BP-10 form (marked "sensitive") filed by Plaintiff with the Regional Office was rejected because allegations of staff misconduct are not considered by the BOP to be "sensitive" and should be filed with the institution. The BP-11 form (marked "sensitive" by the plaintiff) was also rejected because the allegations are not considered by the BOP to be sensitive.

It appears from a review of the record before it that the defendants have not provided this Court with copies of all documents regarding the plaintiff's attempt to exhaust his administrative remedies. For example, Defendants have not provided copies of the BP-10 and BP-11 forms submitted by the plaintiff. Nor have they provided the Court with any written responses given by the Regional Director and General Counsel to the plaintiff. **Defendants shall provide the Magistrate Judge within ten (10) days of the date of this Order all documents in their possession regarding the plaintiff's attempts to exhaust his administrative remedies, including but not limited to the BP-10 forms, the BP-11 forms, and any written responses by the Regional Director and General Counsel to the plaintiff. Plaintiff is also directed to provide the court with copies of all documents in his possession which would show his attempts to exhaust his administrative remedies. The case is re-committed to the Magistrate for reconsideration of the matter with the additional documents.**

Additionally, the last paragraph of the Complaint alleges that the plaintiff was denied medical assistance at USP-Atlanta and FCI-Lee. These allegations were not addressed in the Motion to Dismiss nor discussed in detail in the Report and Recommendation, but this Court would not appear to be the

proper district in which to bring such claims, nor would the individual defendants named herein be proper parties.[2]

### *CONCLUSION*

Based on the foregoing, the Court respectfully declines to adopt the Magistrate Judge's R & R. The matter is re-committed to the Magistrate for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

                                            s/R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

May 18, 2011
Florence, SC

---

[2] Under 28 U.S.C. Section 1391(b), venue over a *Bivens* action is proper in the district where any defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where any defendant may be found.