IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jose Luis Cruzado Wilson,       ) | Civil Action No.: 1:10-cv-02206-RBH |
| )  | |
| Plaintiff,       ) | |
| ) | |
| v.       ) | **ORDER** |
| ) | |
| Mary M. Mitchell, *Prison Warden*;       ) | |
| Lt. Bryant, *Prison Lt.*; Bureau of Prisons;       ) | |
| ) | |
| Defendants.       ) | |
| _____) | |

Plaintiff, proceeding *pro se*, brought this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] This matter is now before the court with the [Docket Entry 63] Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges[2] filed on June 30, 2011, in which the Magistrate Judge recommends granting Defendants' [Docket Entry 17] Motion to Dismiss.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

---

[1] "A *Bivens* action is analogous to a claim under 42 U.S.C. § 1983, except the action is brought against a federal employee rather than an employee acting under the color of state law." *Hoffman v. Tuten*, 446 F. Supp. 2d 455, 456 (D.S.C. 2006). Therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 n.30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994)

[2] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) and (e), (D.S.C.).

recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

In her R & R, the Magistrate Judge "recommended that Defendant[s'] Motion to Dismiss . . . [should] be granted in part, on the ground that Plaintiff failed to exhaust his administrative remedies and this case [should] be dismissed in its entirety." R & R at 13. Plaintiff's objections to the R & R were due by July 18, 2011. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). To date, Plaintiff has not filed any objections to the R & R. The court does note that Plaintiff has filed a motion to appoint counsel.[3] *See* Motion to Appoint Counsel [Docket Entry

---

[3] In his Motion to Appoint Counsel, Plaintiff "ask[s] that the court appoi[n]t [him] a legal counsel on this case since counsel could argue from a def point of view that would sati[s]fied the court and allow the court to hear both sides of the story and uncover the naked truth of this case." Motion to Appoint Counsel at 1. Defendants opposed the motion on July 25, 2011. *See* Response in Opp. [Docket Entry 68]. There is no right to appointed counsel in Section 1983 or *Bivens* cases. *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). The court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. *See* 28 U.S.C. § 1915(e)(1); *see also Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). However, counsel should be appointed only in "exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (citation omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that § 1915 does not authorize compulsory appointment of counsel). Here, as argued by Defendants, Plaintiff's claims do not appear to be complex and he has demonstrated an ability to represent himself. The court has reviewed Plaintiff's claims and various filings, and has determined that there are no exceptional circumstances that justify the appointment of counsel, nor will Plaintiff be denied due process if

65]. However, nowhere in that motion did Plaintiff seek an extension of time for filing objections, nor did he address the Magistrate Judge's conclusion that his claims should be dismissed on the basis of non-exhaustion. Because Plaintiff failed to object to the Magistrate Judge's R & R, the court adopts the R & R after reviewing the face of record for clear error and finding none. *See Diamond*, 416 F.3d at 315.

### Conclusion

The court has thoroughly reviewed the entire record and applicable law. For the reasons stated above, the court hereby adopts and incorporates by reference the Magistrate Judge's R & R. It is therefore **ORDERED** that Defendants' Motion to Dismiss is **GRANTED**, on the ground that Plaintiff failed to exhaust his administrative remedies and this case is **DISMISSED** in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED**.

**IT IS SO ORDERED**.

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 28, 2011

---

an attorney is not appointed. Therefore, Plaintiff's Motion to Appoint Counsel should be denied.